T.C. Memo. 2014-169

UNITED STATES TAX COURT

CHARLES E. WADE AND BETTY G. WADE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19934-12.                    Filed August 20, 2014.

C. Jerre Lloyd, for petitioners.

Kristen I. Nygren and Susan S. Canavello, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge: Petitioners own stock in two S corporations,

Thermoplastic Services, Inc. (TSI), and Paragon Plastic Sheeting, Inc. (Paragon).

On their 2008 Federal income tax return they claimed a deduction for nonpassive

losses from the companies which they also carried back to 2006 and 2007.

Respondent determined that petitioners had not materially participated in the

**[\*2]** companies' activities in 2008 and accordingly reclassified the losses as passive. On the basis of his reclassification, he determined income tax deficiencies for taxable years 2006, 2007, and 2008. The issue for decision is whether, under section 469,[1] petitioners materially participated in TSI and Paragon in 2008. We hold that they did.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners are married and resided in Florida when they filed their petition.

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for 2008 wherein they claimed a deduction for nonpassive losses from flowthrough entities totaling $3,808,709. In 2009 petitioners filed Form 1045, Application for Tentative Refund, requesting a refund for tax years 2006 and 2007 resulting from their carryback of the 2008 losses. In 2010 petitioners amended their 2006 and 2007 returns to reflect the carryback.

Respondent determined that $3,403,536 of the losses petitioners had reported was passive. Accordingly, he issued a notice of deficiency on June 23, 2012, disallowing a portion of the deduction petitioners claimed for the losses.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2008, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] The losses respondent determined were passive and the companies to which they are attributable are summarized below:

| Company | Loss amount |
|---|---|
| Charles Wade Thermoplastic Services, Inc. | $1,473,581 |
| Betty Wade Thermoplastic Services, Inc. | 1,453,826 |
| Charles Wade Paragon Plastic Sheeting, Inc. | 125,777 |
| Betty Wade Paragon Plastic Sheeting, Inc. | 125,777 |
| Villa Soleil, Inc. | 224,575 |

Petitioners concede that the losses from Villa Soleil, Inc., are passive.

In 1980, in response to increased attention on the environmental impact of plastic waste materials, Mr. Wade and a colleague founded the company that later became TSI. TSI's business involved acquiring plastic waste from chemical companies and converting it into usable products. Paragon receives raw materials from TSI and uses them to make building and construction materials. Mr. Wade developed the manufacturing processes TSI and Paragon use and established and managed their industrial facilities.

[*4]  In 1994, after several years at Lockheed Corp., petitioners' son, Ashley, moved to Sulphur, Louisiana, and began helping Mr. Wade manage TSI and Paragon.  Ashley received stock in each company and in 2008 owned 30% and 70% of the shares of TSI and Paragon, respectively.  Petitioners each owned half of the remaining stock.  With Ashley there to handle day-to-day management, Mr. Wade became more focused on product and customer development.  He did not have to live near business operations to perform these duties, so petitioners moved to Navarre, Florida.  After the move he continued to make periodic visits to the facilities in Louisiana and regularly spoke on the phone with plant personnel.[2]

In 2008 TSI and Paragon began struggling financially as prices for their products plummeted and revenues declined significantly.  Mr. Wade's involvement in the businesses became crucial during this crisis.  To boost employee morale, he made three trips to the companies' industrial facility in DeQuincy, Louisiana, during which he assured the employees that operations would continue.  He also redoubled his research and development efforts to help TSI and Paragon recover from the financial downturn.  During this time Mr. Wade invented a new technique for fireproofing polyethylene partitions, and he

---

[2]The record shows that Mr. Wade participated in 273 phone calls with the plant in 2008.

**[\*5]** developed a method for treating plastics that would allow them to destroy common viruses and bacteria on contact. In addition to his research efforts, Mr. Wade ensured the companies' financial viability by securing a new line of credit. Without Mr. Wade's involvement in the companies, TSI and Paragon likely would not have survived.

## OPINION

### I. Burden of Proof

Generally, the taxpayer bears the burden of proving, by a preponderance of the evidence, that the determinations of the Commissioner in a notice of deficiency are incorrect. Rule 142(a)(1); Welch v. Helvering, 390 U.S. 111, 115 (1933). This burden may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any relevant factual issue and meets other conditions, including maintaining required records. See sec. 7491(a). We decide this case on the preponderance of the evidence and accordingly need not address whether the burden of proof has shifted. Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005).

### II. Analysis

Under section 469, individuals may not deduct passive activity losses for the year in which they are sustained. A "passive activity loss" is the amount by

[*6] which the aggregate losses from all passive activities for a taxable year exceed the aggregate income from all passive activities for such year. Sec. 469(d)(1). A passive activity is any activity that involves the conduct of any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). Section 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988), provides a series of tests under which we evaluate whether a taxpayer materially participated in a given trade or business. Respondent argues that petitioners did not satisfy any of these tests with respect to TSI and Paragon and accordingly did not materially participate in their activities.

Petitioners claim that they satisfy two of the tests. First, petitioners claim that Mr. Wade spent more than 500 hours in 2008 working on the companies' activities.[3] See sec. 1.469-5T(a)(1), Temporary Income Tax Regs., supra. Second, they contend that he participated in the companies' activities on a regular, continuous, and substantial basis during 2008. See sec. 1.469-5T(a)(7), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988). We agree with petitioners' second contention and therefore do not address their first.

_____

[3]We will treat the companies as a single economic unit for the purpose of applying sec. 469. We find this appropriate under sec. 1.469-4(c), Income Tax Regs., because the companies are interdependent and share common ownership and control.

**[*7]**  A taxpayer materially participates in an activity for a given year if, "[b]ased on all of the facts and circumstances * * * the individual participates in the activity on a regular, continuous, and substantial basis during such year."  Id.  A taxpayer who participates in the activity for 100 hours or less during the year cannot satisfy this test, and more stringent requirements apply to those who participate in a management or investment capacity.  See sec. 1.469-5T(b)(2)(ii) and (iii), (f)(2)(ii), Temporary Income Tax Regs., 53 Fed. Reg. 5726, 5727 (Feb. 25, 1988).  The record reflects that Mr. Wade spent over 100 hours participating in TSI and Paragon during 2008, and his participation consisted primarily of nonmanagement and noninvestment activities.  Ashley managed the day-to-day operations of the companies; Mr. Wade focused more on product development and customer retention.

Although Mr. Wade took a step back when Ashley became involved in the companies' management, he still played a major role in their 2008 activities.  He researched and developed new technology that allowed TSI and Paragon to improve their products.  He also secured financing for the companies that allowed them to continue operations, and he visited the industrial facilities throughout the year to meet with employees about their futures.  These efforts were continuous,

**[*8]** regular, and substantial during 2008, and we accordingly hold that Mr. Wade materially participated in TSI and Paragon.

Respondent argues that petitioners have not proved that Mrs. Wade actively participated in TSI and Paragon. This argument is irrelevant because for purposes of the passive loss limitation, we treat married taxpayers who file a joint return as a single taxpayer, sec. 1.469-5T(f)(3), Temporary Income Tax Regs., supra, and because we treat participation by a married taxpayer as participation of his or her spouse, sec. 1.469-1T(j)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5711 (Feb. 25, 1988). Mr. Wade's material participation in the companies is sufficient to establish material participation for both petitioners.

TSI and Paragon are complex businesses that Mr. Wade built from the ground up and in which he continued to play a vital role. He was not merely a detached investor, as has often been the case when we have found that a taxpayer did not materially participate.[4] See Lapid v. Commissioner, T.C. Memo. 2004-222; Scheiner v. Commissioner, T.C. Memo. 1996-554; Chapin v. Commissioner,

---

[4]Congress enacted sec. 469 to reduce the opportunity "for taxpayers to offset income from one source with tax shelter deductions and credits from another." S. Rept. No. 99-313, at 713 (1986), 1986-3 C.B. (Vol. 3) 1, 713. Congress' concern was over taxpayers who invested in businesses simply to benefit from losses. The tests and standards in sec. 469 were not meant to apply to taxpayers in petitioners' situation.

**[*9]** T.C. Memo. 1996-56. Mr. Wade brought something to TSI and Paragon that no one else could have, and they could not have continued to operate without his contacts and expertise. Accordingly, we hold that respondent erred in classifying as passive petitioners' losses from TSI and Paragon.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.
